Dina L. Yunker
Assistant Attorney General
Office of the Attorney General
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 389-2198
dinay@atg.wa.gov
bcu.yunker@atg.wa.gov

Judge Frederick P. Corbit
Response Date: December 2, 2021

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>MONTE L. MASINGALE AND ROSANA D. MASINGALE,<br><br>Debtor(s). | NO. 15-03276- FCP7<br><br>STATE OF WASHINGTON'S RESPONSE IN SUPPORT OF AND SUPPLEMENTING TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS |

The State of Washington Attorney General's Civil Rights Unit ("Civil Rights Unit") responds as follows to the Trustee's Motion for Order Authorizing Sale of Property Free and Clear of Liens ("Sale Motion"), ECF No. 493.

1. <u>Support</u>. The Civil Rights Unit supports the Trustee's request to sell the residence on the terms set forth in the Trustee's Sale Motion, for the reasons

STATE'S OBJECTION TO AND JOINDER IN TRUSTEE'S OBJECTION TO MOTION FOR ORDER DIRECTING ABANDONMENT

1

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 1 of 19

set forth in the Sale Motion and in the Declaration of Trustee Munding in Support of Objection to Debtor's Motion for Abandonment of Property of the Estate (Home) ("Munding Declaration") filed herein as ECF No. 490 and incorporated into the Trustee's Sale Motion.

2. <u>Supplemental Information</u>. The Trustee's Sale Motion states that "should any other liens or encumbrances exist, such right, title, and interest shall attach to the proceeds of the sale of the Subject Property with the same force, effect, and validity." ECF No. 493 at page 5, Section 9. With respect to that statement, the Civil Rights Unit supplements the Trustee's Sale Motion with the following facts:

   a) <u>Civil Rights Action</u>. On November 6, 2015, the Civil Rights Unit filed suit in Spokane County Superior Court under case number 15-02-04271-2 ("Civil Rights Action") against, among others, debtor Monte L. Masingale, in his individual capacity and as a member of his marital community. Declaration of Colleen Melody ("Melody Decl."), previously filed as ECF No. 352; Adversary Proceeding No. 16-80001 at ECF No. 1, 1-1, 1-2. In the Civil Rights Action, the State alleged that the defendants engaged in sex discrimination and unfair or deceptive business practices in violation of Washington's Law Against Discrimination – RCW 49.60 and the Unfair Business Practices – Consumer Protection Act, RCW 19.86.

   b) <u>Motion for Order Approving Debtor's Execution of Consent Decree</u>. On February 9, 2017, Debtor Rosana Masingale filed herein a Motion for Order Approving Consent Decree. ECF No. 208. A copy of the Consent Decree was attached to the accompanying Notice to Creditors Re: Debtor's Motion for Order Approving Debtor's Execution of Consent

STATE'S OBJECTION TO AND JOINDER IN
TRUSTEE'S OBJECTION TO MOTION FOR
ORDER DIRECTING ABANDONMENT

2

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 2 of 19

Decree ("Notice"). ECF No. 210. In her declaration supporting her motion, Ms. Masingale wrote:

> … the undersigned believes the settlement set forth in Consent Decree, a copy of which is attached to the Notice to Creditors filed herein as Exhibit "1", are fair and reasonable and, to the extent it affects Masingale, should be approved. Any payment to State of Washington by Masingale pursuant to the Consent Decree shall only be with Court approval. Most likely, the approval will be in the form of an Order confirming Debtor's Plan of Reorganization. The Plan of Reorganization will contain and address the method and manner of payment.

Declaration of Debtor Rosana Masingale in Support of Motion for Order Approving Debtor's Execution of Consent Decree ("Masingale Decl."), previously filed as ECF No. 209.

      c)     <u>Consent Decree</u>. On March 9, 2017, this entered an Order Approving Debtor's Execution of Consent Decree. ECF No. 228. Copies of the Consent Decree were filed herein as attachments to the Debtor's previously filed Notice (ECF No. 210) and to the debtors' Amended Plan of Reorganization dated March 2, 2017 (ECF No. 222). The Consent Decree provides for, among other remedies, injunctive and monetary relief, and specifies that payment of the monetary relief shall be made subject to orders entered by the Court. ECF No. 210 at Exhibit A; ECF No. 222 at Exhibit 2. Copies of the Consent Decree and the Order Approving Debtor's Execution of Consent Decree are attached hereto for ease of reference.

      d)     <u>Confirmed Plan</u>. This court entered a Confirmation Order and Order Fixing Notice and Hearing in the bankruptcy case on August 23, 2017. ECF No. 296. As confirmed, the Debtors' Plan contains a full page

STATE'S OBJECTION TO AND JOINDER IN
TRUSTEE'S OBJECTION TO MOTION FOR
ORDER DIRECTING ABANDONMENT

3

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

15-03276-FPC7   Doc 505   Filed 11/16/21   Entered 11/16/21 18:14:41   Pg 3 of 19

of special provisions for payment to the 27 Victims represented by the CRU. ECF No. 222 at pages 19-20, and as modified by ECF No. 243 and ECF No. 279.

3. <u>Judgment</u>. Section 6.1 of the Consent Decree states:

### VI. MONETARY RELIEF

6.1 A judgment shall be, and hereby is, entered against the Defendants in the amount of $280,000. The judgment is composed as follows:

1. The amount of $130,000 in victim restitution and damages pursuant to RCW 19.86.080(2) and RCW 49.60.030(2). This portion of the judgment constitutes willful and malicious injury to another entity for purposes of 11 U.S.C. § 523(a)(6).

2. The amount of $30,000 in civil penalties pursuant to RCW 19.86.140. This portion of the judgment constitutes a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for a pecuniary loss, for purposes of 11 U.S.C. § 523(a)(7).

3. The amount of $120,000 for the payment of the Attorney General's costs and fees pursuant to RCW 49.60.030(2) and RCW 1.9.86.080. The Attorney General's costs and fees result from the prosecution of conduct that constitutes willful and malicious injury to another entity for purposes of I 1 U.S.C. § 523(a)(6).

Section VII addresses payment conditions, specifying:

### VII. PAYMENT CONDITIONS

7.1 The monetary judgment in paragraph 6.1 shall not become final until approved by the United States Bankruptcy Court. Payment of monetary relief shall be made subject to the orders entered by the United States Bankruptcy Court for the Eastern District of

STATE'S OBJECTION TO AND JOINDER IN
TRUSTEE'S OBJECTION TO MOTION FOR
ORDER DIRECTING ABANDONMENT

4

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

15-03276-FPC7   Doc 505   Filed 11/16/21   Entered 11/16/21 18:14:41   Pg 4 of 19

Washington in Case No. 15-03276-FPC 11.

4. <u>Lien of Judgment</u>. Under RCW 4.56.190, the judgment in paragraph 6.1 of the Consent Decree automatically becomes a "lien of judgment" on the debtors' real property, provided that the real property is in the same county as the superior court where the judgment was entered. The lien lasts for a period of ten years from the date the judgment was entered. The Washington Supreme Court has specifically held that the judgement lien "arises automatically upon entry of judgment as to all real estate of the judgment debtor located in the county" and that there is "no separate recording requirement" in order for the judgment to be effective. *Fed. Intermediate Credit Bank of Spokane v. O/S Sablefish*, 111 Wn.2d 219, 222-24 (1988). Here, both the judgment and the real property are located in Spokane County. Thus, the Consent Decree gave rise to an automatic lien of judgment on the real property located in Spokane County. The Consent Decree was entered by the Spokane County Superior Court on January 24, 2017 so we are still in ten-year period in which the lien remains effective.

5. <u>Bankruptcy Court Approval</u>. The debtor herself recognizes a judgment exists. See in particular her confirmed Plan at ECF No. 222, Article X, page 19. At the Plan section titled "Additional Specific Treatment of Claims", subsection 2 "Civil Rights Unit", subpoints 1 and 2, both reference "portion[s] of

STATE'S OBJECTION TO AND JOINDER IN
TRUSTEE'S OBJECTION TO MOTION FOR
ORDER DIRECTING ABANDONMENT

5

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 5 of 19

the judgment". Nothing in this court's confirmation order changed the fact that the debtor recognizes and agrees the estate shall pay a judgment to CRU.

Furthermore, when this court signed the Order Approving Debtor's Execution of Consent Decree, it "**ORDERED** that the approval of Consent Decree by Debtors *and this estate* be and the same is hereby approved." [Emphasis added]. Thus, the Bankruptcy Court approved the estate's approval of the Consent Decree, the terms of which included a judgment in the amount of $280,000.

6. <u>Conclusion</u>. CRU's Consent Decree, incorporated into this bankruptcy as described above, contains a judgment for which state law provides a lien. The CRU's judgment lien should attach to the proceeds of the sale with the same force, effect, and validity as it had to the Subject Property.

DATED this 16th day of November 2021.

ROBERT W. FERGUSON
Attorney General

/s/ *Dina L. Yunker*

DINA L. YUNKER, WSBA No. 16889
Assistant Attorney General
Bankruptcy & Collections Unit
*Appearing for Attorney General's Civil Rights Division*

STATE'S OBJECTION TO AND JOINDER IN TRUSTEE'S OBJECTION TO MOTION FOR ORDER DIRECTING ABANDONMENT

6

OFFICE OF THE ATTORNEY GENERAL
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104-3188
Phone: (206) 389-2187 – Fax (206) 587-5150

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 6 of 19

# ATTACHMENT 1

Consent Decree

# STATE OF WASHINGTON
# SPOKANE COUNTY SUPERIOR COURT

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 15-02-04271-2 |
| Plaintiff | CONSENT DECREE |
| v. | |
| FLAG HILL LUMBER CO. INC. d/b/a GREENACRES MOTORS; GREENACRES MOTORS, LLC d/b/a GREENACRES MOTORS; AND MONTE L. MASINGALE, in his individual capacity, and as a member of the marital community of MONTE L. MASINGALE and ROSANA MASINGALE, | |
| Defendants. | |

## I. INTRODUCTION

1.1 The State of Washington, through its attorneys Robert W. Ferguson, Attorney General, and Colleen M. Melody, Assistant Attorney General, commenced this action to enforce the Washington Law Against Discrimination, RCW 49.60, and the Unfair Business Practices—Consumer Protection Act, RCW 19.86. The State alleges that Flag Hill Lumber Co. Inc. d/b/a Greenacres Motors, Greenacres Motors, LLC d/b/a Greenacres Motors, and Monte L. Masingale (collectively, "the Defendants") engaged in discrimination on the basis of sex and unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 49.60.180, RCW 49.60.220, and RCW 19.86.020.

CONSENT DECREE - 1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 8 of 19

1.2     Specifically, the Attorney General alleges that the Defendants have violated the Washington Law Against Discrimination, RCW 49.60.180 and RCW 49.60.220, by:

1. Discriminating against female employees and prospective employees on the basis of sex through sexual harassment;
2. Discharging female employees because of sex;
3. Refusing to hire male employees for secretarial positions because of sex; and
4. Aiding, abetting, encouraging, or inciting the commission of unfair employment practices.

1.3     The Attorney General further alleges that the Defendants have violated the Consumer Protection Act, RCW 19.86.020, by:

1. Engaging in unfair or deceptive employment practices in the course of selling cars and recreational vehicles in trade or commerce; and
2. Publishing unfair or deceptive advertisements to the general public regarding employment opportunities at Greenacres Motors.

1.4     The parties agree on a basis for settlement of the Attorney General's allegations and to the entry of this Consent Decree without the need for further proceedings to determine any issue of law or fact.

1.5     The Defendants agree that they will not oppose the entry of this Consent Decree on the ground that it fails to comply with Rule 65(d) of the Superior Court Civil Rules and hereby waive any objection based thereon.

1.6     The Defendants waive any right they may have to appeal from this Consent Decree.

**NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:**

CONSENT DECREE - 2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 9 of 19

## II. INJUNCTIONS

2.1  The injunctive provisions of this Consent Decree shall apply to the Defendants and their successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons in active concert or participation with the Defendants.

2.2  The Defendants shall immediately inform all successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons in active concert or participation with the Defendants of the terms and conditions of this Consent Decree.

2.3  The Defendants and all successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons in active concert or participation with the Defendants are hereby permanently enjoined and restrained from directly or indirectly engaging in the following acts or practices:

1. Sexually harassing female employees or prospective employees;
2. Discharging female employees because of sex;
3. Refusing to hire male employees for certain positions because of sex;
4. Aiding, abetting, encouraging, or inciting the commission of any unfair employment practice listed above; and
5. Placing or causing to be placed misleading or deceptive advertisements to the general public related to employment opportunities.

## III. NON-DISCRIMINATION POLICY

3.1  Within sixty (60) days of the entry of this Consent Decree, Defendants Flag Hill Lumber Co, Inc. and Greenacres Motors, LLC shall adopt a Nondiscrimination Policy covering all of their business locations. The Nondiscrimination Policy will be submitted to the Office of the Attorney General at least ten (10) days before its implementation. The Nondiscrimination Policy will take effect if the Office of the Attorney General makes no objection to the Nondiscrimination

CONSENT DECREE - 3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Policy prior to its proposed effective date. The Nondiscrimination Policy will be in the form of Appendix A attached hereto.

3.2  Within ten (10) days of its adoption, Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall distribute a copy of the Nondiscrimination Policy in the form of Appendix A and this Consent Decree to each of their employees. Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall secure a signed statement from each employee acknowledging that he or she has received and read the Nondiscrimination Policy and this Consent Decree, has had the opportunity to have questions about the Nondiscrimination Policy and this Consent Decree answered, and agrees to abide by the relevant provisions of the Nondiscrimination Policy and this Consent Decree. This statement shall be in the form of Appendix B. Signed copies of the Nondiscrimination Policy shall be submitted to the Office of the Attorney General within fifteen (15) days of adoption of the Nondiscrimination Policy.

3.3  During the term of this Consent Decree, any new employee of Defendants Flag Hill Lumber Co. Inc. or Greenacres Motors, LLC shall be given a copy of the Nondiscriminatory Policy and this Consent Decree. Within ten (10) days of beginning employment, any new employee shall sign the acknowledgment of the Nondiscrimination Policy and such acknowledgment shall be submitted to the Office of the Attorney General within fifteen (15) days of the new employee's commencing employment.

## IV.  TRAINING

4.1  Within ninety (90) calendar days following the entry of this Consent Decree, Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall provide, at their own cost, mandatory training on the law of equal employment opportunity and prohibited harassment to all of their employees. The training shall be conducted by an independent, qualified third party, approved in advance by the Office of the Attorney General. At minimum, the training must consist of instruction on the requirements of applicable state and

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 11 of 19

federal antidiscrimination laws in the employment context, and must include an opportunity for questions and answers.

4.2     Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall obtain from the trainer certifications of attendance executed by each individual who received the training and confirming their attendance. Within ten (10) days following the training, Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall submit confirmation of training and copies of the training certifications to the Office of the Attorney General. The confirmation shall include the name of the instructor, the date the course was taken, the length of the course, and shall include a copy of any materials distributed by the trainer.

## V.     REPORTING AND DOCUMENT RETENTION REQUIREMENTS

5.1     For a period of three years following the entry of this Consent Decree, Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall notify the Office of the Attorney General in writing within ten (10) days of receipt of any written or oral complaint of employment discrimination against Defendants Flag Hill Lumber Co. Inc. or Greenacres Motors, LLC or any successors, assigns, transferees, officers, agents, servants, employees, representatives, or other person in active concert or participation with them. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. If the complaint is in writing, Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall provide a copy of the complaint along with the notification. Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall provide the Office of the Attorney General all information it requests concerning any such complaint, including information regarding any investigation or resolution of such complaint.

5.2     For a period of three years following the entry of this Consent Decree, Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC shall preserve all records related to their obligations under this Consent Decree, including all documents, whether in

CONSENT DECREE - 5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

paper or electronic form, that relate to employment discrimination complaints regarding either of them. Upon reasonable notice to Defendants Flag Hill Lumber Co. Inc. or Greenacres Motors, LLC, representatives of the Office of the Attorney General shall be permitted to inspect and copy all such records.

## VI. MONETARY RELIEF

6.1 A judgment shall be, and hereby is, entered against the Defendants in the amount of $280,000. The judgment is composed as follows:

1. The amount of $130,000 in victim restitution and damages pursuant to RCW 19.86.080(2) and RCW 49.60.030(2). This portion of the judgment constitutes willful and malicious injury to another entity for purposes of 11 U.S.C. § 523(a)(6).

2. The amount of $30,000 in civil penalties pursuant to RCW 19.86.140. This portion of the judgment constitutes a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for a pecuniary loss, for purposes of 11 U.S.C. § 523(a)(7).

3. The amount of $120,000 for the payment of the Attorney General's costs and fees pursuant to RCW 49.60.030(2) and RCW 19.86.080. The Attorney General's costs and fees result from the prosecution of conduct that constitutes willful and malicious injury to another entity for purposes of 11 U.S.C. § 523(a)(6).

## VII. PAYMENT CONDITIONS

7.1 The monetary judgment in paragraph 6.1 shall not become final until approved by the United States Bankruptcy Court. Payment of monetary relief shall be made subject to the orders entered by the United States Bankruptcy Court for the Eastern District of Washington in Case No. 15-03276-FPC11.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

7.2     The Defendants concede that the debts and penalties comprising the monetary relief in paragraph 6.1 are debts as defined by 11 U.S.C. § 523(a). No Defendant shall seek to discharge any part of these debts or penalties in bankruptcy.

7.3     Rosana Masingale is a member of the Defendant marital community of Monte L. Masingale and Rosana Masingale. Ms. Masingale is also a debtor in bankruptcy Case No. 15-03276-FPC11 pending in the United States Bankruptcy Court for the Eastern District of Washington. In proposing and/or voting on a proposed Plan of Reorganization in Case No. 15-03276-FPC11, the Defendant marital community, through Ms. Masingale, shall propose the creation of a Victims Trust specifically to accept and hold funds to be disbursed to the discrimination victims pursuant to paragraph 6.1(1). Creation of a Victims Trust is subject to the approval of the United States Bankruptcy Court.

7.4     All payments made pursuant to this Consent Decree shall be in the form of a valid check paid to the order of the Attorney General and shall be mailed to the Office of the Attorney General, Attention: Civil Rights Unit, 800 Fifth Avenue, Suite 2000, Seattle, WA 98104.

## VIII.  ENFORCEMENT

8.1     This Consent Decree is entered pursuant to RCW 19.86.080. The Court retains jurisdiction for purposes of enforcing this Consent Decree.

8.2     Pursuant to RCW 19.86.140, any violation of paragraphs 2.1–5.2 of this Consent Decree shall constitute a violation of the Consumer Protection Act and shall subject the violating Defendant to additional civil penalties of up to $25,000 per violation. In addition to civil penalties, the Attorney General may seek to remedy violations of this Consent Decree through any other remedy as may be provided by law.

8.3     The Office Attorney General shall be permitted to monitor compliance with this Consent Decree as follows:

CONSENT DECREE - 7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 14 of 19

1. Upon reasonable notice, the Office of the Attorney General shall be permitted to access, inspect, and/or copy all business records or documents in the possession, custody, or control of any Defendant to monitor compliance with this Consent Decree, provided that the inspection and copying shall avoid unreasonable disruption of the Defendant's business activities.

2. The Office of the Attorney General shall be permitted to question by deposition any Defendant or any successor, assign, transferee, officer, agent, servant, employee, representative, or other person in active concert or participation with any Defendant to monitor compliance with this Consent Decree. Such depositions are subject to the provisions of Rule 30 of the Superior Court Civil Rules.

3. The Office of the Attorney General shall be permitted to propound interrogatories on any Defendant to monitor compliance with this Consent Decree. Such interrogatories are subject to the provisions of Rule 33 of the Superior Court Civil Rules.

4. The Office of the Attorney General may monitor and enforce this Consent Decree through any other lawful means, including through its civil investigative demand authority pursuant to RCW 19.86.110.

8.4 Nothing in this Consent Decree shall be construed to limit or bar any other person or governmental entity from pursuing other available remedies against the Defendants or any other person.

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

15-03276-FPC7    Doc 505    Filed 11/16/21    Entered 11/16/21 18:14:41    Pg 15 of 19

DONE IN OPEN COURT this 24 day of Jan, 2017.

_____
JUDGE/COURT COMMISSIONER AEL P. PLICE

Presented by:


ROBERT W. FERGUSON
Attorney General

_____
COLLEEN M. MELODY
WSBA #42275
CHALIA STALLINGS-ALA'ILIMA
WSBA #40694
Assistant Attorneys General
Attorneys for Plaintiff State of Washington



LAW OFFICE OF STANLEY A. KEMPNER JR.

_____
STANLEY A. KEMPNER JR.
WSBA #11260
Attorney for Defendants Flag Hill Lumber Co. Inc. and Greenacres Motors, LLC, and the marital community of Monte L. Masingale and Rosana Masingale

CONSENT DECREE - 9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

# ATTACHMENT 2

Order Approving Debtor's Execution of Consent Decree

So Ordered.

Dated: March 8th, 2017



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In re: | No.: **15-03276-FPC11** |
|---|---|
| **MONTE L. MASINGALE AND ROSANA D. MASINGALE,** | Chapter **11** |
| Debtors. | **ORDER APPROVING DEBTOR'S EXECUTION OF CONSENT DECREE** |

**THIS MATTER** coming before the Court upon the Motion of Debtor Rosana Masingale for an Order Approving Debtor's Execution of Consent Decree (the "Motion"), and it appearing that notice of said Motion has been given, no objections thereto have been made, and good cause appearing for the Order requested; it is

**ORDERED** that the approval of Consent Decree by Debtors and this estate be and the same is hereby approved.

///END OF ORDER///

///

Order-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY:/s/ Dan O'Rourke
    DAN O'ROURKE, WSBA #4911

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159