JOHN D. MUNDING
MUNDING, P.S.
309 E Farwell Rd., Ste 310
Spokane, WA 99218-1152
(509) 590-3849
john@mundinglaw.com

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 15-03276-FPC7 |
|---|---|
| **MASINGALE, MONTE L. & ROSANA D.,** | Chapter 7 |
| Debtor(s). | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DIRECTING THE CANCELLATION OF MORTAGE RECORDED IN VIOLATION OF AUTOMATIC STAY AND EXTINGUISHING LIEN AGAINST REAL PROPERTY SALE PROCEEDS** |

## I. MOTION

The Chapter 7 Trustee, John D. Munding, of Munding, P.S. (the "Trustee"), on behalf of the Chapter 7 Bankruptcy Estate of Monte L. & Rosana D. Masingale, ("Bankruptcy Estate") moves the Court for an order declaring the cancellation and extinguishment of that certain Mortgage dated August 31, 2021 ("Mortgage") executed by the debtor Rosana D. Masingale in favor of Southwell & O'Rourke, P.S., which was

MOTION FOR ORDER CANCELLING MORTGAGE
− 1

MUNDING, P.S.
309 E FARWELL RD., STE 310
SPOKANE, WA 99218-1152
(509) 590-3849

15-03276-FPC7    Doc 551    Filed 04/12/22    Entered 04/12/22 11:50:02    Pg 1 of 7

recorded as a post-petition lien against the real property commonly known as 19716 E. 8th Avenue, Greenacres, WA 99016 ("Real Property") on September 1, 2021 (the "Motion"). Specifically, the Motion seeks an order:

1. Declaring the Real Property to be property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

2. Finding that the recording of the Mortgage was a violation of the automatic stay imposed by 11 U.S.C. §362(a).

3. Cancelling and declaring the Mortgage null and void pursuant to 11 U.S.C. §362, or

4. Extinguishing all liens and encumbrances created by the Mortgage against the Real Property and subsequent net proceeds of sale pursuant to 11 U.S.C. §549.

In further support of the Motion to Cancel and Extinguish, the Trustee states as follows:

## II. BASIS, TERMS, AND CONDITIONS

A. **Jurisdiction and Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1)(A), (N). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the Court entering final orders with respect to the relief

MOTION FOR ORDER CANCELLING MORTGAGE
-2

MUNDING, P.S.
309 E FARWELL RD., STE 310
SPOKANE, WA 99218-1152
(509) 590-3849

15-03276-FPC7    Doc 551    Filed 04/12/22    Entered 04/12/22 11:50:02    Pg 2 of 7

requested in the Motion.

**B.     Legal Basis**

2.     The Debtors filed a voluntary Chapter 11 petition in this proceeding on September 28, 2015. (ECF No. 1).

3.     On November 19, 2018 the case was converted to a chapter 7 (ECF No 356) and John D. Munding was appointed as the Chapter 7 trustee (ECF No. 357-2).

4.     The title to the Real Property was vested in the Bankruptcy Estate, more specifically the Trustee, as of November 19, 2018 under 11 U.S.C. §541.

5.     On September 28, 2015 the law firm of Southwell & O'Rourke, P.S. sought to be and was subsequently approved as counsel for the debtors. (ECF No. 10). The law firm of Southwell & O'Rourke, P.S. subsequently applied for an award of attorney fees and reimbursement of expenses. (ECF No. 377). The Application for Employment and the Application for Attorney Fee and Expenses did not disclose as required by Rule 2016 (b) that the payment of Southwell & O'Rourke's fees and costs was to be secured by a subsequent Mortgage against the Real Property. (ECF No. 377, Local Form 2016A).

6.     On August 31, 2021, the debtor Rosana Masingale executed a Mortgage in favor of Southwell & O'Rourke, P.S. to secure payment of the sum of $53,225.90 for legal services rendered after November 19, 2018. *Decl. Trustee Munding, Ex. A.* The

MOTION FOR ORDER CANCELLING MORTGAGE
– 3

MUNDING, P.S.
309 E FARWELL RD., STE 310
SPOKANE, WA 99218-1152
(509) 590-3849

15-03276-FPC7    Doc 551    Filed 04/12/22    Entered 04/12/22 11:50:02    Pg 3 of 7

Mortgage was recorded as a lien against the Real Property on September 1, 2021. Southwell & O'Rourke, P.S. did not seek relief from the automatic stay imposed under 11 U.S.C. §362 to encumber the Real Property. *Judicial Notice of Docket Requested.* The action of recording the Mortgage against the Real Property was a violation of the automatic stay.

7. Despite the debtor Rosana Masingale filing with the court a motion to sell the Real Property (ECF No. 467) and subsequently filing a motion to direct abandonment of the Real Property (ECF Nos. 483-485), the debtor Rosana Masingale did not disclose the existence of the Mortgage as an encumbrance against the Real Property to the Trustee or the Court.

8. On January 31, 2022, the Court entered the Order Denying Debtor's Motion for Order Directing Abandonment of Property and Granting Trustee's Motion to Sell Property ("Order Re Sale"), specifically the Real Property. (ECF No. 536).

9. On or about March 2, 2022, through review of the Preliminary Title Report issued by Spokane County Title Company, the Trustee discovered the Mortgage as a lien against the Real Property. *Decl. Trustee Munding.*

10. The Trustee subsequently requested that Southwell & O'Rourke voluntarily cancel the Mortgage and remove the same from being a cloud against title to the Real Property. Southwell & O'Rourke declined to remove the Mortgage. *Decl.*

MOTION FOR ORDER CANCELLING MORTGAGE
– 4

MUNDING, P.S.
309 E FARWELL RD., STE 310
SPOKANE, WA 99218-1152
(509) 590-3849

15-03276-FPC7    Doc 551    Filed 04/12/22    Entered 04/12/22 11:50:02    Pg 4 of 7

*Trustee Munding.*

11. On April 8, 2022, the Trustee sold the Real Property pursuant to the Court's prior Order Re Sale and received net sale proceeds of $222,783.34. (ECF No. 550).

12. Southwell & O'Rourke, P.S. continues to assert that it has a valid and enforceable lien against the net sale proceeds as a result of its Mortgage being recorded against the Real Property. The Trustee disputes Southwell & O'Rourke, P.S.'s contentions as the Mortgage is null and void pursuant to 11 U.S.C. 362 and avoidable pursuant to 11 U.S.C. §549.

## III. LEGAL ANALYSIS

The Real Property was property of the Bankruptcy Estate as of September 1, 2021 pursuant to 11 U.S.C. §541. The recording of the Mortgage as a lien against the Real Property on September 1, 2021 was a violation of the automatic stay imposed by Section 326 (a). Under Section 362(a), the filing of a bankruptcy petition operates as an automatic stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. 362 (a) (4). The recording of the Mortgage post-petition is such an act and constitutes a violation of the automatic stay.

Section 362 provides remedies for violations of the automatic stay. The Ninth Circuit has held that actions taken in violation of the stay are void ab initio. *Schwartz*

MOTION FOR ORDER CANCELLING MORTGAGE
– 5

MUNDING, P.S.
309 E FARWELL RD., STE 310
SPOKANE, WA 99218-1152
(509) 590-3849

*v. United States (In re Schwartz)*, 954 F.2d 569, 571-72 (9th Cir. 1992) ("[Absent affirmative relief from the Bankruptcy Court, violations of the stay are void"). As a matter of Ninth Circuit law, the recording of the Mortgage against the Real Property is void ab initio. The alleged lien arising therefrom against the net sale proceeds is also null and void.

Furthermore, Section 549(a) provides the authority by which a trustee may avoid post-petition transfers of estate property. In order for a Trustee to recover a post-petition transfer of property of the estate pursuant to Section 549, four elements must be satisfied: "(1) a transfer, (2) of property of the estate, (3) made after commencement of the case, and (4) that is not authorized by the bankruptcy code or by the bankruptcy court." *In re Merry-G-Round Enter., Inc.* 400 F.3d 219 (4th Cir. 2005). The post-petition recording of the Mortgage was a "transfer" of estate property within the broad meaning of Section 101 (54). See e.g. *In re Electric City, Inc.*, 43 B.R. 336, 342 – 43 (Bankr. W.D. Wash. 1984). Therefore, the unauthorized post-petition transfer of estate property under the Mortgage should be avoided as a matter of law.

MOTION FOR ORDER CANCELLING MORTGAGE
– 6

MUNDING, P.S.
309 E FARWELL RD., STE 310
SPOKANE, WA 99218-1152
(509) 590-3849

15-03276-FPC7    Doc 551    Filed 04/12/22    Entered 04/12/22 11:50:02    Pg 6 of 7

## IV. REQUEST FOR RELIEF

WHEREFORE, the Trustee respectfully requests that the Court enter and order:

1. Granting the Trustee's Motion.

2. Finding that the recording of the Mortgage was a violation of the automatic stay and that any alleged lien against the net sale proceeds arising from the Mortgage is null and void.

3. That the transfer of the Bankruptcy Estate's Real Property by way of the Mortgage is avoided pursuant to Section 549.

4. For such other relief the Court finds necessary and just.

DATED this 12th day of April, 2022.

>MUNDING, P.S.
>*/s/ John D. Munding,*
>John D. Munding, WSBA # 21734
>Attorney for Chapter 7 Trustee

MOTION FOR ORDER CANCELLING MORTGAGE
– 7

**MUNDING, P.S.**
309 E FARWELL RD., STE 310
SPOKANE, WA 99218-1152
(509) 590-3849

15-03276-FPC7    Doc 551    Filed 04/12/22    Entered 04/12/22 11:50:02    Pg 7 of 7